STATE of Wisconsin, Plaintiff-Respondent,

v.

Barbara A. KEMP, Defendant-Appellant-Petitioner.

Supreme Court

*No. 80–2168. Argued March 1, 1982.—Decided March 30, 1982.*

(Also reported in 318 N.W.2d 13.)

For the defendant-petitioner there were briefs and oral argument by *Jack E. Schairer,* assistant state public defender.

For the plaintiff–respondent the cause was argued by *Stephen W. Kleinmaier,* assistant attorney general, with whom on brief was *Bronson C. La Follette,* attorney general.

DAY, J. This is a review of a decision of the court of appeals which affirmed a judgment of the circuit court for Grant county, Hon. John R. Wagner, Judge, convicting defendant-appellant-petitioner, Barbara A. Kemp (hereinafter defendant) of operating a motor vehicle after her operating privileges were suspended.

Two issues are considered on this review. First: Did the trial court err in not instructing the jury pursuant to sec. 903.03(3), Stats. 1979–80,[1] that the state was claiming the benefit of a presumption and that the jury was not required to regard the basic fact (mailing of notice of driver's license suspension) as sufficient evidence of the presumed fact (that defendant had cause to believe her license was suspended).

Because we conclude that in this case the state was not relying on a presumption, the trial court did not err in refusing to give a sec 903.03(3) type instruction.

Second: Did the court err in its instructions to the jury. Because defendant's trial counsel did not object to the instructions, the question becomes whether plain error was committed in giving them. We conclude no plain error is demonstrated. We therefore affirm the court of appeals and sustain the conviction.

The facts of this case are as follows. Defendant was involved in an automobile accident involving damage to property on November 28, 1978. At that time she had no automobile liability insurance. She discussed the accident with an attorney.

On February 23, 1979, the Department of Transportation, Division of Motor Vehicles, (hereinafter department) sent a notice of suspension, addressed to Barbara A. Kemp at 1429 Bainbridge Street, La Crosse, Wisconsin. The notice stated that, as a result of her being involved in an accident while uninsured, her operator's

---

[1] "903.03 **Presumptions in criminal cases.** . . . (3) INSTRUCTING THE JURY. Whenever the existence of a presumed fact against the accused is submitted to the jury, the judge shall give an instruction that the law declares that the jury may regard the basic facts as sufficient evidence of the presumed fact but does not require it to do so. In addition, if the presumed fact establishes guilt or is an element of the offense or negatives a defense, the judge shall instruct the jury that its existence must, on all the evidence, be proved beyond a reasonable doubt."

license would be suspended unless, by March 16, 1979, she complied with the Financial Responsibility Act, ch. 344, Stats. 1979–80. Compliance required either depositing $1,050 to secure any judgment arising out of the accident, furnishing proof of liability insurance in effect at the time of the accident, obtaining legal releases from the other parties involved in the accident, or requesting a hearing. There is no evidence that defendant complied with any of those conditions. On July 19, 1979, the department sent an order of suspension which stated that defendant's operating privileges were suspended because of her failure to comply with the Financial Responsibility Act. This second notice was also addressed to Barbara A. Kemp at 1429 Bainbridge Street, La Crosse, Wisconsin.

On September 26, 1979, defendant was apprehended while operating a motor vehicle in Grant county, Wisconsin. She was subsequently charged with driving after her operating privileges were suspended in violation of sec. 343.44, Stats. 1979–80.[2] Defendant requested a jury trial, and at trial testified that she had lived at 1429

---

[2] "343.44 **Driving after license revoked or suspended.** (1) No person whose operating privilege has been duly revoked or suspended pursuant to the laws of this state shall operate a motor vehicle upon any highway in this state during such suspension or revocation or thereafter before filing proof of financial responsibility or before he has obtained a new license in this state or his operating privilege has been reinstated under the laws of this state. No person whose regular license has been duly revoked or suspended pursuant to the laws of this state, but whose chauffeur's license is still valid, shall operate a motor vehicle upon any highway in this state other than as a chauffeur before he has obtained a new license or had had his license reinstated under the laws of this state.

"(2) . . . If such person has changed his or her address and fails to notify the department as required in s. 343.22 then failure to receive notice of revocation or suspension shall not be a defense to the charge of driving after revocation or suspension."

Bainbridge Street during the last four months of 1978 but moved from that address to 120 Sperbeck Street, La Crosse, Wisconsin, in January 1979, where she still resided at the time of trial. She testified she never received the notice of suspension or the order of suspension. She also testified she had informed the post office of her change of address and that mail addressed to her Bainbridge address had been forwarded to her for about two weeks after she moved.

Defendant did not remember whether she notified the department of her change of address. Defendant introduced into evidence two temporary driving permits, one issued May 30, 1979, and the other issued June 8, 1979, which expired August 8, 1979. Both of these permits showed defendant's address as 120 Sperbeck Street. Defendant also testified that the second permit "was sent to me by Madison" and that she later received a regular driver's license containing her Sperbeck Street address.

At the close of the evidence, the judge gave the following instruction to the jury pertaining to the offense of driving after one's operating privileges have been suspended.

"OPERATING AFTER SUSPENSION. The offense of operating a motor vehicle after suspension, as defined by Section 343.44, is committed by a person who operates a motor vehicle upon any highway in this state while that person's operating privileges are under suspension.

"Before the defendant may be found guilty of operating a motor vehicle after suspension, the State must prove by evidence which satisfies you beyond a reasonable doubt that there were present the following three elements of this offense:

"First, that the defendant operated a motor vehicle upon any highway in this state. A motor vehicle is operated when it is set in motion.

"Second, that at the time the defendant operated the motor vehicle, her operating privilege was duly suspended.

"Third, that the defendant had cause to believe that her operating privilege had been suspended. A person has cause to believe that her operating privilege had been suspended when she has received notification of the suspension, or, when, in the exercise of due care, under the facts and circumstances of which he [sic] was aware, the defendant should have known that her operating privilege was suspended.

"There is evidence in this case that the Motor Vehicle Division mailed a written notice of suspension to the defendant at her last known address. If you find beyond a reasonable doubt that the notice was properly mailed, and that the defendant did not receive said notice because the defendant changed her address without notifying the Department and did not leave her forwarding address, you are instructed that such failure to keep the Department notified of current address is inconsistent with the duty to exercise diligence with respect to information about one's operating privilege, and that by statute, refusal to accept or failure to receive an order of suspension mailed by first class mail to such person's last known address is not a defense to the charge of driving after suspension.

"Although a person may have no actual knowledge of the suspension, and may have received no actual notification, such person has cause to believe her operating privilege has been suspended if she has knowledge of, or a reasonable person in the defendant's situation exercising reasonable diligence would have knowledge of, the existence of facts and circumstances which, under Wisconsin Law, are a basis for suspension. As it applied to this case, the Law of Wisconsin provides for the suspension of the operating privilege if the driver has had an accident and has neither furnished proof of motor vehicle liability insurance meeting the minimum requirements of Wisconsin Statute 343.15 (1) in effect at the time of the accident, nor filed legal releases with the Department of Motor Vehicles signed by the person who received injuries or property damage in the accident, nor made a security deposit to satisfy any possible judgment arising out of such accident. Therefore, you may find the third element is satisfied if you find beyond a reasonable doubt that the defendant knew, or in the exercise of

due care, should have known under the circumstances of which she was aware, that she had an accident and did not furnish the Motor Vehicle Department proof of motor vehicle liability insurance, file a legal release with the Department, or post a security deposit with the Department.

"If you are satisfied beyond a reasonable doubt from the evidence in this case that the defendant was operating a motor vehicle upon a highway of this state while her operating privilege was duly suspended, and that she had cause to believe that her operating privilege was suspended, then you should find the defendant guilty.

"If you are not satisfied, then you must find the defendant not guilty."

Prior to the giving of the instructions counsel for both the state and defendant stated they had no objection to the instructions. The jury returned a verdict of guilty of operating a motor vehicle after driving privileges had been suspended. The trial court pronounced judgment of conviction. Defendant appealed to the court of appeals, which affirmed the trial court. Defendant then petitioned this court to review the court of appeals decision. We granted that petition.

Defendant claims that the jury instructions given by the trial judge were incomplete and erroneous and deprived her of a fair trial, necessitating reversal of her judgment of conviction.

Defendant failed to object to the jury instructions given by the trial judge. The failure to object to the form of a jury instruction at the jury instruction conference generally constitutes a waiver of any error in the instructions.[3] However, this court stated in *State v. Schulz,*

---

[3] Sec. 805.13 (3), Stats. 1979–80, provides:

"805.13 **Jury instructions; form of verdict.** . . . (3) INSTRUCTION AND VERDICT CONFERENCE. At the close of the evidence and before arguments to the jury, the court shall conduct a conference with counsel outside the presence of the jury. At the conference, or at such earlier time as the court reasonably directs, counsel

102 Wis. 2d 423, 435, 307 N.W.2d 151 (1981), that the waiver rule does not apply where the error affects defendant's substantial rights.[4]

may file written motions that the court instruct the jury on the law, and submit verdict questions, as set forth in the motions. The court shall inform counsel on the record of its proposed action on the motions and of the instructions and verdict it proposes to submit. Counsel may object to the proposed instructions or verdict on the grounds of incompleteness or other error, stating the grounds for objection with particularity on the record. Failure to object at the conference constitutes a waiver of any error in the proposed instructions or verdict."

This section is applicable to criminal cases by virtue of Sec. 972.11(1), Stats. 1979–80:

"972.11 **Evidence and practice; civil rules applicable.** (1) Except as provided in sub. (2), the rules of evidence and practice in civil actions shall be applicable in all criminal proceedings unless the context of a section or rule manifestly requires a different construction. . . ."

*See also, State v. Paulson,* 106 Wis. 2d 96, 101, 315 N.W.2d 350, 353 (1982); *Bergeron v. State,* 85 Wis. 2d 595, 604–05, 271 N.W.2d 386 (1978).

[4] *See* Sec. 805.18 and Sec. 901.03(4), Stats. 1979–80, which state:

"805.18 **Mistakes and omissions; harmless error.** (1) The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party.

"(2) No judgment shall be reversed or set aside or new trial granted in any action or proceeding on the ground of drawing, selection or misdirection of jury, or the improper admission of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court to which the application is made, after an examination of the entire action or proceeding, it shall appear that the error complained of has affected the substantial rights of the party seeking to reverse or set aside the judgment, or to secure a new trial."

"901.03 **Rulings on evidence.** . . . (4) PLAIN ERROR. Nothing in this rule precludes taking notice of plain errors affecting substantial rights although they were not brought to the attention of the judge."

█ This exception to the timely objection requirement is termed the "plain error" rule. This court recently set forth the test to be applied to determine whether a jury instruction will be reviewed despite the absence of an objection in *State v. Paulson,* 106 Wis. 2d 96, 315 N.W. 2d 350, 354–55 (1982).

"The test which this Court has applied where a party contends that a jury instruction should be reviewed on appeal in spite of a waiver of objections is whether the error is so plain or fundamental as to affect the defendant's substantial rights. . . .

"[I]t is clear that the defendant must establish not only that an error exists but also that that error is so plain or fundamental as to affect the substantial rights of the defendant."

This court in *Paulson* cited with approval the following language from *Claybrooks v. State,* 50 Wis. 2d 79, 84–85, 183 N.W.2d 139 (1971).

"It is well established that even where there is no timely objection in the trial court, errors in instruction may be reviewed on appeal, even on the court's own motion, where the error is so plain or fundamental as to affect substantial rights of the defendant. Of course, a defendant is faced with a heavy burden when he has acquiesced in the instructions given by the trial court. . . . defendant must show that his substantial rights have been affected." *Paulson,* 106 Wis. 2d at 105.

The first argument of the defendant is that the trial court erred in not instructing the jury that the state was relying on a presumption to prove an element of the offense and that the jury could, but need not, infer the existence of the presumed fact from proof of the basic fact. The trial judge has wide discretion in issuing jury instructions based on the facts and circumstances of each case. *State v. Vick,* 104 Wis. 2d 678, 690, 312 N.W.2d 489

(1981). If the instructions given by the trial judge adequately cover the law, this court will not find error in his refusal to give a particular instruction, even though that instruction is not erroneous. *State v. Williamson,* 84 Wis. 2d 370, 393, 267 N.W.2d 337 (1978).

In *State v. Collova,* 79 Wis. 2d 473, 488, 255 N.W.2d 581 (1977), this court set forth the elements of the offense of driving after one's operating privileges had been suspended.

(1) The defendant's operators license had been duly suspended pursuant to the laws of this state; (2) the department sent a notice of suspension to the defendant, by first-class mail, to their last known address; (3) the defendant operated a motor vehicle on a highway in this state during such suspension; and (4) the defendant had cause to believe their license might be revoked or suspended. In *Collova,* 79 Wis. 2d at 487, this court stated that the "cause to believe" element may be proved in any one of three ways:

"A defendant has cause to believe his license might be revoked or suspended when:
"(1) He has knowledge of the revocation or suspension; or
"(2) He has received notification of the revocation or suspension; or
"(3) He has knowledge of, or a reasonable person in the defendant's situation, exercising reasonable diligence, would have knowledge of, the existence of facts or circumstances which, under Wisconsin law, might cause the revocation or suspension."

If the state chooses to rely on notification, the second of the above methods of proving "cause to believe," it could avail itself of the permissible inference that a letter properly posted was received. *Collova,* 79 Wis. 2d at 487, n 9, *citing Greene v. Donner,* 198 Wis. 122, 126, 223 N.W. 427 (1929). When the state relies on notifica-

tion to establish that a defendant had cause to believe their license was suspended, the sec. 903.03(3), Stats., instruction that the jury might, but need not find notification from proof that the notice of suspension was properly mailed, is required.

However, the state argues that it did not rely on notification to establish that the defendant had cause to believe her license was suspended, but instead sought to prove this element to the jury by the third alternative set forth in *Collova;* that the defendant [had] knowledge of, or a reasonable person in the defendant's situation, exercising reasonable diligence, would have knowledge of, the existence of facts or circumstances which, under Wisconsin law, might cause revocation or suspension." *Collova,* 79 Wis 2d at 487. The state argued that this element was shown by proof that defendant had been in an accident involving property damage in excess of $200 while uninsured, which required her to provide security pursuant to secs. 344.12–344.14, Stats. 1979–80,[5]

---

[5] "344.12 **Applicability of provisions relating to deposit of security for past accidents.** Subject to the exceptions contained in s. 344.14, the provisions of this chapter requiring deposit of security and requiring suspension for failure to deposit security apply to the operator and owner of every motor vehicle which is in any manner involved in an accident in this state which has resulted in bodily injury to or death of any person or damage to property of any other person in excess of $200."

"344.13 **Secretary to determine amount of security required following accident and to give notice thereof.** (1) The secretary after receipt of a report of an accident of the type specified in s. 344.12 shall determine, with respect to such accident, the amount of security which is sufficient in the secretary's judgment to satisfy any judgment for damages resulting from such accident which may be recovered against either operator or owner of the vehicles involved in such accident. Such determination shall be based upon the total property damage suffered by other persons whose property was involved in the accident, not including the vehicle a person was operating when such operation was with

or face suspension and that defendant did not provide such security.

The state further argued that the proof that the department had mailed the notice and order of suspension to defendant's last known address was submitted to satisfy the second, or mailing, element of the offense rather than the "cause to believe" element. Because the state was relying on "reasonable knowledge" rather than "notification" to show that the defendant had cause to believe that her license was suspended, the presumption that a properly mailed notice of suspension was received had no bearing on the case. Therefore an instruction pur-

---

the owner's permission, and on the extent of personal injuries, including deaths, involving other parties to the accident. The determination as to the amount of security required shall not be made with respect to operators or owners who are exempt from the requirements of security and suspension under s. 344.14(2).

"(2) The secretary shall determine the amount of security required to be deposited by each person on the basis of the accident reports or other information submitted. . . .

"(3) The secretary within 90 days after receipt of a report of an accident of the type specified in s. 344.12 and upon determining the amount of security to be required of any person involved in such accident or to be required of the owner of any vehicle involved in such accident, shall give at least 10 days' written notice to every such person in the amount of security required to be deposited by the person. The notice also shall state that an order of suspension will be made as provided in s. 344.14, unless within such time security is deposited as required by the notice. The order of suspension may be made a part of the notice, with a provision that it will take effect on the date specified in this subsection unless security is deposited prior to that date."

"344.14 Suspension for failure to deposit security; exceptions. (1) If a person who was given notice pursuant to s. 344.13(3) fails to deposit security in the amount and by the time specified in the notice, the secretary shall forthwith suspend the person's operating privilege if the person was the operator of a motor vehicle involved in the accident and all the person's registrations if the person was the owner of a motor vehicle involved in the accident unless the person furnishes proof satisfactory to the secretary that the person comes within one of the exceptions set forth in sub. (2)."

suant to sec. 903.03 (3), Stats., as to the effect to be given such a presumption, was unnecessary.

We agree with the state's position. There is nothing in the record to indicate that the state argued that the presumption of receipt from mailing applied nor was the jury instructed to that effect. The jury was instructed that the defendant's failure to inform the Department of Motor Vehicles of her change of address when she moved to 120 Sperbeck Street, as required by sec. 343.22 (1), Stats. 1979–80,[6] was inconsistent with her exercise of due diligence in respect to knowledge of facts relating to the status of her driving privilege and was not a defense to the charge of driving after suspension. This instruction derives from *Collova,* 79 Wis. 2d at 487, n 10,[7] and sec. 343.44 (2), Stats.

This instruction is appropriate to the "reasonable person would have knowledge" theory upon which the state based its case. The instruction did not inform the jury that they could rely on the presumption of notification from mailing, and since the presumption was not in the

---

[6] "343.22 **Notice of change of address or name.** (1) Whenever any person, after applying for or receiving a license under this chapter or an identification card under s. 343.50, moves from the address named in the application or in the license or identification card issued to him or her, or when the name of a person holding the license or identification card is changed by marriage or otherwise, the person shall within 10 days thereafter notify the department in writing of his or her old and new address or of such former and new names and of the number of any license or identification card then held by the person."

[7] "Where notification of revocation has been mailed to the defendant but delivery has been evaded or refused, non-receipt of notice occasioned by the defendant's own act is of course inconsistent with the exercise of due diligence in respect to his knowledge of facts relating to the status of his driving privilege. *Cf. Boeck v. State Hwy. Comm.,* 36 Wis. 2d 440, 446, 447, 153 N.W.2d 610 (1967)."

case, there was no need to instruct the jury how to treat the presumption. We therefore hold that the sec. 903.03 (3), Stats., instruction was not appropriate to this case and, accordingly, the lack of such an instruction does not entitle defendant to reversal of her judgment of conviction.

The second issue is whether the jury instruction given by the trial judge outlining the elements of the offense of driving after suspension was erroneous and affected the substantial rights of the defendant. Defendant argues that the instruction contained three errors. First, it did not inform the jury that the evidence that the state had mailed the notice of suspension to defendant's Bainbridge Street address could be used to satisfy the state's burden of proving that defendant had "cause to believe" that her license had been suspended. The evidence could have been introduced for that purpose. *See Collova,* 79 Wis. 2d at 487, n 9. However, as discussed above, the state was relying on defendant's "reasonable person would have knowledge" of her suspension to satisfy that element rather than relying on notification. Therefore, there was no error in failing to instruct the jury that it could, but need not, find that the mailing of the notice of suspension gave defendant "cause to believe" that her license had been suspended.

Second, the defendant challenges the paragraph in the instruction which stated that defendant's failure to inform the department of her change of address was inconsistent with her duty to exercise diligence and did not constitute a defense to driving after suspension. Defendant argues that this language could have mislead the jury into concluding that defendant had to prove that she notified the department of her change of address in order to have a defense to the action. We conclude the in-

struction was not so likely to mislead the jury as to amount to plain error, particularly in view of the substantial and uncontroverted proof of her involvement in the accident, while uninsured, which would be sufficient to satisfy the "cause to believe" element.[8] However, we recommend that the trial courts use the language in Wis J I—Criminal 2620 (1981), when instructing the jury as to the elements of the offense.

Undoubtedly one could conjure up a number of possible interpretations which a jury could read into a seemingly clear and straightforward instruction. We decline to do so. The instruction set forth the elements of the offense as set forth in sec. 343.44, Stats., and interpreted in *Collova,* 79 Wis. 2d at 488. The trial transcript reveals that the state introduced evidence satisfying each element of the offense. Defendant did not attempt to rebut the state's contention that her license had been duly suspended and that she operated a motor vehicle on the highway during the suspension.

The defendant did attempt to convince the jury that, since she possessed an operator's license containing her Sperbeck Street address, the notice and order of suspension sent to her Bainbridge Street address was not "to her last known address." However, defendant does not remember if she notified the department of her change of address pursuant to sec. 343.22, Stats., and the department received no such notification. Absent compliance with sec. 343.22 the defendant may not challenge a notice mailed by the department to a previous address in order to defeat the requirement that the department

---

[8] In *Virgil v. State,* 84 Wis. 2d 166, 191, 267 N.W.2d 852 (1978), this court stated that a particular error may be deemed "plain," and subject to review notwithstanding the lack of an objection where the case is a close one, yet considered harmless "in the context of a case demonstrating overwhelming evidence of guilt."

mail the notice of suspension to her last known address, sec. 343.44(2).

In order to satisfy the element of "cause to believe," the state introduced evidence that the defendant had been in an accident involving property damage while uninsured and that the defendant had not complied with the provisions of the Financial Responsibility Act, ch. 344, Stats., subjecting her to suspension of her operating privileges. Defendant did not dispute that she had been in the accident and introduced no evidence to show that she complied with the provisions of ch. 344 or fell within an exception to its application. Ignorance of the law is, of course, no defense to a violation thereof. *Collova*, 79 Wis. 2d at 488.

The jury was properly instructed that if it believed that defendant had been in an accident, and was subject to the requirements of ch. 344, Stats., but had not complied with them, they could find that she had "cause to believe" that her license was suspended. There is evidence to justify the instruction and support the verdict.

We therefore affirm the decision of the court of appeals which affirmed the judgment convicting defendant of operating a motor vehicle while her operating privileges were suspended.

*By the Court.*—The decision of the court of appeals is affirmed.