HILLS BROS. COFFEE, INC., Plaintiff-Appellant,

v.

DAIRYLAND TRANSPORT, INC., Defendant-
Respondent.

Court of Appeals

*No. 89-2076. Submitted on briefs June 18, 1990.—Decided
August 8, 1990.*

(Also reported in 460 N.W.2d 433.)

646

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Roy G. Stohlman* of Appleton.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Barbara A. O'Brien* of *Borgelt, Powell, Peterson & Frauen, S.C.* of Milwaukee.

Before Nettesheim, P.J., Brown and Scott, JJ.

SCOTT, J.   Hills Bros. Coffee, Inc. appeals from an order denying summary judgment and from a judgment for damages. Hills Bros. first contends there was no material issue of fact regarding damages and therefore summary judgment was improperly denied. Second, Hills Bros. argues that the trial court misinstructed the jury on fair market value. We disagree and affirm.

In December 1985, Hills Bros. contracted with Dairyland Transport, Inc. to ship a truckload of coffee from one warehouse to another for storage prior to sale. No definite sale had yet been arranged. The coffee was, however, in final marketable form, in cans and packages. En route, the trailer containing all of the coffee was hijacked. The trailer was later found, but none of the coffee was ever recovered.

Hills Bros. filed a claim with Dairyland for $60,659.06—the replacement cost of the coffee plus anticipated profits. Dairyland's insurance company paid Hills Bros. $35,800.22, the replacement cost of the coffee less Hills Bros.'s profit and fixed costs.

Hills Bros. filed suit for the difference between the full invoice price and the amount already paid. Prior to trial, Hills Bros. moved for summary judgment with two supporting affidavits. The trial court denied the motion, ruling that there remained a question of fact regarding the amount of damages.

The case was tried to a jury. At the close of testimony, Hills Bros. requested a special jury instruction

647

stating that the fair market value of the coffee was not its replacement cost, but the value—including profits—of the product at destination. The court instead gave the standard jury instruction on fair market value and asked the jury a single question: "What sum of money will fairly and reasonably compensate the plaintiff for its loss?" The jury determined that fair market value of the coffee was its replacement cost alone.

On appeal, Hills Bros. first contends that since the proper measure of damages is a question of law, the trial court erred in denying summary judgment. We agree with the premise but disagree with the conclusion.

In reviewing the grant or denial of a summary judgment motion, we independently apply the same methodology as the trial court. *Smith v. Keller*, 151 Wis. 2d 264, 269, 444 N.W.2d 396, 398 (Ct. App. 1989). Summary judgment is not proper if there are any genuine issues of fact to be resolved. Sec. 802.08(2), Stats. While we agree with Hills Bros. that the *measure* of damages is a question of law, we also conclude, as did the trial court, that there exists a genuine issue of fact regarding the *amount* of damages.

Each of Hills Bros.'s two affidavits contained a different total for the damages. Dairyland's single affidavit contained yet another amount. Furthermore, Hills Bros.'s affidavits were largely conclusory, giving no basis for the "fair market value" they requested. Considering the speculative nature of the amount of damages, the trial court properly denied Hills Bros.'s motion for summary judgment.

Hills Bros. next complains that the jury was wrongly instructed as to fair market value. It maintains that the trial court erred by refusing to instruct the jury

that fair market value must include anticipated profits. We are not persuaded.

■■■■

A trial court has great discretion in issuing instructions to the jury. *State v. Kemp,* 106 Wis. 2d 697, 705, 318 N.W.2d 13, 18 (1982). As long as the trial court's instructions adequately cover the law, we will not find error in a refusal to give a particular instruction. *Id.* at 706, 318 N.W.2d at 18.

Hills Bros. proposed an instruction defining damages as market value at destination, or replacement cost plus anticipated profits. The relevant portion of that instruction provided:

> The general rule is that, when goods delivered to a carrier for shipment are lost in transit, the carrier will be liable for the market value of the goods at the place of destination . . .. Mere replacement costs deprive a manufacturer of expected profit which he is on the verge of earning and do not compensate him for what he would have earned if the contract of delivery would have been performed.

Dairyland countered with an instruction limiting damages to replacement cost.

The trial court rejected both proffered instructions because each presented too narrow a statement of the law. The court instead instructed the jury that it could find the amount of damages to be "anything between [$]60,000 and [$]35,000." Emphasizing that Hills Bros. bore the burden of proving the extent of its damages, the trial court gave an instruction based on the pattern instruction for fair market value, Wis JI—Civil 1803. The jury was instructed as follows:

> In determining any loss to the plaintiff you will award it the fair market value of the property at the

time and place of its loss. *Fair market value is that sum of money the property would have brought if sold by an owner willing but not required to sell to a buyer willing but not required to buy.* If the property had no fair market value at the place where it was lost or elsewhere, you will then insert as your answer to the question the value of the property to the plaintiff. In determining the value of the property to the plaintiff, you will consider the nature of the property, the use to which the plaintiff puts such property, its original cost, the cost of replacement, if such property can be replaced, its age, the amount and rate of its depreciation, *all other facts and circumstances received in evidence on this trial as will enable you to arrive at a fair compensation* to the plaintiff. [Emphasis added.]

We see no abuse of discretion: the instruction Hills Bros. requested is not the "general rule" in Wisconsin,[1] and the instruction the trial court gave adequately covers the law. The given instruction comports with Wisconsin's "broad evidence rule," used where the jury must determine damages arising from loss of personal property. *See, e.g., Strauss Bros. Packing Co. v. American Ins. Co.,* 98 Wis. 2d 706, 708, 298 N.W.2d 108, 109 (Ct. App. 1980). The broad evidence rule gives considerable latitude to the trier of facts to consider all facts reasonably tending to throw light upon the subject. *Id.*

[1]Hills Bros. cites *Polaroid Corp. v. Schuster's Express, Inc.,* 484 F.2d 349 (1st Cir. 1973), as the basis for the "general rule" that fair market value is the wholesale price, which includes profits. *Id.* at 352. That case is not controlling, however, because it is limited by its peculiar facts; because it arose under a federal statute; and because the decisions of federal courts of appeals are not binding on this court. *See Thompson v. Village of Hales Corners,* 115 Wis. 2d 289, 307, 340 N.W.2d 704, 713 (1983).

The jury heard evidence that the coffee was packaged and ready for sale, supporting the inclusion of profits in its fair market value. The jury also heard evidence that the coffee was en route to a warehouse, with no sure sale yet arranged. That evidence would support limiting fair market value to replacement cost. The jury was told that it could determine Hills Bros.'s damages to be $60,000 (replacement cost plus anticipated profits), $35,000 (replacement cost alone), or some figure in between, an instruction neither mandating nor precluding an award of profits. That instruction, coupled with the definition of fair market value and with the admonition that Hills Bros. bore the burden of proving the fact and amount of its damages, adequately covers the law.

We conclude the trial court's instruction, supported by the broad evidence rule, properly allowed the jury to consider all relevant evidence so as to determine fair market value. We detect no abuse of discretion.

*By the Court.*—Judgment and order affirmed.