COURT OF APPEALS
DECISION
DATED AND FILED

December 22, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2020AP446-CR**

STATE OF WISCONSIN

Cir. Ct. No.  2017CF1331

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

DANIEL J. LEWER,

   DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Waukesha County:  MICHAEL P. MAXWELL, Judge. *Affirmed*.

Before Gundrum, P.J., Neubauer and Reilly, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Daniel Lewer appeals from a judgment convicting him of operating while intoxicated (7th, 8th or 9th offense) and from a circuit court order denying his postconviction motion alleging plain error relating to the jury instruction for "operating" and ineffective assistance of trial counsel.[1] We affirm.

¶2 At trial, Lewer conceded that he was intoxicated, but he denied that he operated his motorcycle within the meaning of WIS. STAT. § 346.63(1)(a) (2017-18)[2] because he walked or pushed his motorcycle from the bar to the location where the police found him with his toppled motorcycle. Using the standard jury instruction, the circuit court instructed the jury about the meaning of "operate:"

> Section 346.63(1)(a) of the Wisconsin Statutes is violated by one who operates a motor vehicle on a highway while under the influence of an intoxicant. Before you may find the defendant guilty of this offense, the State must prove by evidence which satisfies you beyond a reasonable doubt that the following two elements were present:
>
> One, the defendant operated a motor vehicle on a highway. "Operate" means the physical manipulation or activation of any of the controls of a motor vehicle necessary to set it in motion. Two, the defendant was under the influence of an intoxicant at the time the defendant operated a motor vehicle.

¶3 At trial, a police officer testified that he responded to a call about a man (Lewer) slumped over his motorcycle on the side of the road. The

---

[1] Lewer's counsel informed this court that Lewer has passed away. The appeal continues. *State v. McDonald*, 144 Wis. 2d 531, 536-37, 424 N.W.2d 411 (1988) (right to appeal continues despite defendant's death).

[2] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

motorcycle's kickstand was not down, and the approximately 731-pound motorcycle was tipped over on its right side with Lewer still on it. The motorcycle's engine was not running and its lights were not on. The ignition was in the unlocked position, and no key was found at the scene or on Lewer's person. Lewer was unclear about his prior movements and where he was heading. The officer detected the odor of intoxicants and other indicia of intoxication, including unsteadiness when standing. Lewer refused testing and failed field sobriety tests. After being arrested, Lewer told the officer, "I didn't refuse. I know what it is. I know I'm going away." The officer testified that while Lewer was at the hospital for a blood draw, he essentially stated "he knows he was wrong. He messed up. His blood is going to be taken and he is going to go away for a long time."[3] At the jail, Lewer said "all I did was go for drinks and ride home and you pulled me over." The officer testified on cross-examination that Lewer nodded his head in the affirmative when asked if he drove the motorcycle and stated that he "dumped my [ride or Harley]." Lewer did not tell the officer that he walked the motorcycle from the bar to the place where the officer found him.

¶4     The bartender testified that after Lewer stumbled out of the bar, he heard a motorcycle start. Various videos from the night of Lewer's arrest show that Lewer had difficulty coordinating his movements. About four minutes after Lewer left the bar, a homeowner noticed him slumped on his motorcycle outside her property and called police. Although she did not hear a motorcycle arrive outside her house, the homeowner testified, "[t]he traffic is white noise after awhile." The police chief of the municipality where Lewer was arrested testified

---

[3] Lewer's blood alcohol concentration was .324, well in excess of lawful levels given his prior operating while intoxicated convictions.

that in his experience as a motorcycle rider, a motorcycle like Lewer's could be started without a key if the ignition was in the "on" position.

¶5    Lewer testified that he was intoxicated when the police officer found him and his level of intoxication caused him to have memory problems about the events culminating in his arrest. As best as he could recall, he left his keys at his mother's house and rode his motorcycle from his mother's house to the bar. When he left the bar, he straddled the motorcycle and walked it away from the bar to where he was found. Lewer attributed to his inebriation any statements he made to the police that suggested he drove rather than walked the motorcycle.

¶6    Lewer's private investigator walked the motorcycle from the bar to the place where Lewer was found. The investigator was not intoxicated when he made the trip. The investigator's walking trip took five minutes and fifteen seconds. Based on the bartender's testimony about the time Lewer left the bar and when the bartender heard the motorcycle start and the time the homeowner noticed Lewer outside her property, Lewer's trip on the night of his arrest took approximately four minutes.

¶7    Lewer's plain error claim originates in two questions the jury submitted. During deliberation, the jury asked: (1) "Does 'putting in reverse' or 'raising the kickstand' qualify as 'physical manipulation of controls'"? and (2) "Does 'putting in motion' necessitate that its machine generated motion or can it be human generated?" The court discussed the questions with counsel, and both lawyers agreed that the operating instruction should stand as given, and the jurors should be directed to read the instruction again. As to both questions, the court instructed the jury to "[c]onsider the instruction as written based upon your common sense and experience." The jury convicted Lewer.

¶8      Postconviction, Lewer argued that the circuit court committed plain error when it failed to clarify the meaning of operate for what he contends was a confused jury.  Lewer further argued that his trial counsel was ineffective for not objecting to the circuit court's refusal to clarify the jury instruction.

¶9      In rejecting Lewer's plain error[4] claim after a hearing, the circuit court noted that as with the initial jury instructions, the "necessity for, the extent of, and the form of re-instruction" in response to inquiries from the jury is within the circuit court's discretion.  *State v. Simplot*, 180 Wis. 2d 383, 404, 509 N.W.2d 338 (Ct. App. 1993) (citation omitted).  The circuit court concluded that the operating jury instruction accurately stated the law and it was not error to direct the jury to re-read the instruction.

¶10     Whether plain error occurred presents a question of law we review independently.  *State v. Bell*, 2018 WI 28, ¶8, 380 Wis. 2d 616, 909 N.W.2d 750.

¶11     As noted, the circuit court gave the standard jury instruction defining "operate."  Lewer relies upon *Milwaukee County v. Proegler*, 95 Wis. 2d 614, 291 N.W.2d 608 (Ct. App. 1980), and *Village of Cross Plains v. Haanstad*, 2006 WI 16, 288 Wis. 2d 573, 709 N.W.2d 447, to argue that "operate" requires a running engine.  Therefore, Lewer argues, in response to the jury's questions about "putting in reverse" or "raising the kickstand" and human generated motion, the circuit court should have given a clarifying instruction emphasizing the need for a running engine.

---

[4] Lewer must allege plain error affecting a substantial right because his counsel acquiesced in the circuit court's decision to direct the jury to the previously provided instruction. *See State v. Paulson*, 106 Wis. 2d 96, 104-05, 315 N.W.2d 350 (1982) (a plain error claim may be lodged in the absence of a proper objection).

¶12     Lewer reads *Proegler* and *Haanstad* too broadly. By its terms, the definition of operating in WIS. STAT. § 346.63(3)(b) is not restricted to a running engine. Operating requires "physical manipulation or activation of any of the controls of a motor vehicle necessary to put it in motion." WIS. STAT. § 346.63(3)(b). Lewer has not provided any authority for the proposition that lifting a motorcycle's kickstand,[5] putting the motorcycle in reverse or moving it without a running engine does not constitute operating such that the standard jury instruction should have been modified in response to the jury's questions. We agree with the State that a reasonable jury could conclude that lifting a motorcycle's kickstand constituted "physical manipulation" of a control necessary to put the motorcycle in motion. Furthermore, using its common sense and experience, the jury could have disbelieved Lewer's claim that he walked the engine-off motorcycle in favor of finding more credible the evidence that he started the engine and drove the motorcycle until it toppled (the bartender's testimony about hearing the motorcycle start, Lewer's intoxicated state, memory and coordination problems, Lewer's statements and responses to law enforcement from which it could be reasonably inferred that he started and drove the motorcycle, and the amount of time that elapsed between Lewer's departure from the bar and being found with the toppled motorcycle versus Lewer's private investigator's reconstruction of the motorcycle's journey). We conclude that the circuit court properly exercised its discretion when it referred the jury to the operating instruction previously given. The record does not show plain error. *Simplot*, 180 Wis. 2d at 405.

---

[5] When the officer found Lewer on his topped motorcycle, the kickstand was up, not down.

¶13     Because the circuit court did not commit plain error, we need not address Lewer's claim that his trial counsel was ineffective for not advocating for something other than directing the jury's attention to the previously given instruction.    We decide cases "on the narrowest possible ground."    *State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989) (we do not reach issues we need not reach if other issues dispose of the appeal).

¶14     Postconviction, Lewer lodged another ineffective assistance of trial counsel claim:  during closing argument trial counsel disclosed that Lewer was a felon, a fact previously unknown by the jury.  In his closing, trial counsel said:

> Well, as pointed out multiple times Mr. Lewer is a convicted felony [sic] with nine convictions on his record. He has had some contact with the police.  Do you think that might have an effect on how willingly he is able to communicate with the police and offer what really happened.

¶15     At the evidentiary hearing on Lewer's postconviction motion, trial counsel testified that his observation of the jurors led him to worry that they did not believe Lewer's testimony that he walked his motorcycle.  Counsel wanted to help the jury understand why Lewer did not tell the officer on the night of his arrest the same information he provided to the jury:  he walked the motorcycle from the bar to where he was found.  In an attempt to place Lewer's night of arrest conduct in another context, counsel asked the jury to consider that Lewer's significant prior criminal history and his status as a felon may have motivated him "to not want to talk to the cops."

¶16     In urging the circuit court to conclude that his trial counsel was ineffective, Lewer argued that revealing that he was a felon was substantially more prejudicial than the evidence before the jury of his nine unspecified prior

convictions. The State countered that trial counsel's revelation was not significantly more prejudicial than the evidence of Lewer's nine prior convictions, trial counsel made a strategic decision to try to shape the jury's assessment of Lewer's testimony, and even if trial counsel erred, it was not reasonably probable the result of the trial would have been different had trial counsel refrained from revealing Lewer's status as a felon.

¶17 The circuit court rejected Lewer's ineffective assistance of trial counsel claim. Relying upon trial counsel's testimony about why he revealed Lewer's status as a felon, the circuit court found that counsel made a strategic decision to do so. We uphold the circuit court's factual finding because it is not clearly erroneous. *State v. Jeannie M.P.*, 2005 WI App 183, ¶6, 286 Wis. 2d 721, 703 N.W.2d 694.

¶18 Ineffective assistance of counsel requires a showing of deficient performance and prejudice. *Id.* We determine both de novo. *See id.* We are not persuaded by Lewer's appellate argument that trial counsel's strategy was unreasonable under all of the circumstances of the trial. A "strategic decision … founded on rationality of fact and law" is not deficient performance. *See State v. Brewer*, 195 Wis. 2d 295, 300, 536 N.W.2d 406 (Ct. App. 1995). Furthermore, considering the evidence we have previously discussed, we see no prejudice because it is not reasonably probable that the outcome would have been different had trial counsel refrained from describing Lewer as a felon. *See State v. Reed*, 2002 WI App 209, ¶17, 256 Wis. 2d 1019, 650 N.W.2d 885. The jury knew that Lewer had numerous prior convictions and as discussed elsewhere in this opinion, the jury had the right to rely upon evidence before it that Lewer left the bar and started and drove his motorcycle. The inability to show prejudice dooms Lewer's

ineffective assistance of counsel claim. *See **State v. Moats***, 156 Wis. 2d 74, 101, 457 N.W.2d 299 (1990).

¶19 Because we have rejected Lewer's challenges to his conviction, we also reject his request for a new trial in the interest of justice.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.