Linda L. OLSON, Plaintiff-Appellant,

LANDS' END, INC., Subrogated-Plaintiff,

v.

DARLINGTON MUTUAL INSURANCE COMPANY,
Catherine J. Weber and Dennis Weber,
Defendants-Respondents.†

Court of Appeals

*No. 2008AP1744. Submitted on briefs March 6, 2009.
—Decided July 23, 2009.*

2009 WI App 122

(Also reported in 772 N.W.2d 718.)

† Petition to Review denied 12/14/09.

125

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Tyler T. Kieler* of *Kopp, McKichan, Geyer, Skemp & Stombaugh, LLP*, Platteville.

On behalf of the defendant-respondent, Darlington Mutual Insurance Company, the cause was submitted on the brief of *Arnold P. Anderson* of *Mohr & Anderson, LLC*, Madison.

Before Higginbotham, P.J., Dykman and Vergeront, JJ.

¶ 1. DYKMAN, J. Linda Olson appeals from an order granting Darlington Mutual Insurance Company's request for a jury instruction stating that Olson has suffered less than $75,000 in damages. Olson argues that the proposed instruction is unnecessary, would invade the province of the jury and prevent her from obtaining a fair trial, and would impermissibly inform the jury of the effect of its verdict. Darlington responds that standard jury instructions will prevent any of the potential problems Olson has identified. It also argues that Olson's request for less than $75,000 in her complaint to avoid removal to federal court is a judicial admission that her damages are, in fact, less than $75,000, and the jury must be instructed as to that admission. We conclude that Olson's demand for less than $75,000 in her complaint is not a judicial admission that her damages are less than that amount, and the facts of this case reveal no other basis for issuing a jury instruction as to the amount of damages Olson demanded in her complaint.[1] Accordingly, we reverse the trial court's order authorizing a jury instruction stating that Olson has suffered less than $75,000 in damages.

---

[1] This appeal arises from the court's order authorizing a jury instruction stating that "the total damages sustained by Linda Olson as a consequence of the subject accident do not exceed $75,000." However, on appeal, Olson identifies two issues: "Should the jury empanelled in this case be informed of the jurisdictionally self-imposed cap on damages?"; and "Should the jury be instructed that the total damages sustained by Linda Olson as a consequence of the subject accident do not exceed $75,000.00?" In their briefs, the parties dispute the appropriateness of a jury instruction as to the amount of damages demanded in Olson's complaint, or as to the amount of damages Olson has actually suffered. To avoid confusion, we address both issues.

128

### Background

¶ 2. This case is before us on interlocutory appeal for the second time. In *Olson v. Darlington Mutual Insurance Co.*, 2006 WI App 204, 296 Wis. 2d 716, 723 N.W.2d 713, we reversed the trial court's order directing Olson to disclose to Darlington a confidential settlement amount she had reached with another defendant.[2] We determined that judicial estoppel did not apply to prevent Olson from withholding the settlement amount after she sought less than $75,000 in her complaint to avoid removal to federal court. *Id.*, ¶ 11. A concurring opinion concluded that the settlement amount had no bearing on the amount Olson could recover from the remaining defendants, and was not admissible at trial. *Id.*, ¶ 12 (Deininger, J., concurring).

¶ 3. Following remand, the trial court held a pre-trial conference to address Darlington's request for a jury instruction stating that Olson's damages are less than $75,000. Darlington argued that Olson's demand in her complaint for less than $75,000 in damages is a judicial admission that she has suffered less than $75,000 in damages, and therefore warrants a jury instruction. Olson argued against the jury instruction, contending that she did not admit her damages are less than $75,000, although she agreed that her pleadings limit her recovery to less than $75,000. She cited the concurrence in our previous decision in this case as suggesting that the trial court allow the jury to determine her actual damages, and then strike any amount exceeding the demand in her complaint.

---

[2] For a full statement of the facts leading to the litigation in this case, see *Olson v. Darlington Mutual Insurance Co.*, 2006 WI App 204, ¶ 2, 296 Wis. 2d 716, 723 N.W.2d 713.

¶ 4. The trial court granted Darlington's request for a jury instruction, ruling that Olson's damages are less than $75,000 and the jury is entitled to know that fact. Olson petitioned this court for leave to appeal the court's nonfinal order, and we granted the petition.

### Standard of Review

¶ 5. Trial courts have discretion whether to treat statements as judicial admissions. *See Fletcher v. Eagle River Mem'l Hosp., Inc.*, 156 Wis. 2d 165, 174–77, 456 N.W.2d 788 (1990). We review discretionary decisions for erroneous exercises of discretion; that is, for whether courts have applied the proper legal standard to the facts in the record and, using a rational process, reached a reasonable decision. *Loy v. Bunderson*, 107 Wis. 2d 400, 414–15, 320 N.W.2d 175 (1982). "[W]e will independently review whether a jury instruction is appropriate under the specific facts of a given case." *State v. Jensen*, 2007 WI App 256, ¶ 8, 306 Wis. 2d 572, 743 N.W.2d 468.

### Discussion

¶ 6. Olson argues that disclosing to the jury that she may not recover an amount equal to or exceeding $75,000 would invade the province of the jury and prevent her from receiving a fair trial, because it would mislead the jury into thinking that it should start with a $75,000 maximum for damages and then work down from there. She also argues that disclosing her maximum recoverable damages to the jury would improperly inform the jury of the effect of its verdict as to damages. *See McGowan v. Story*, 70 Wis. 2d 189, 196, 234 N.W.2d 325 (1975) ("The fundamental rule in this state is that

it is reversible error for either the court or counsel to inform the jury of the effect of their answer on the ultimate result of their verdict." (citation omitted)).

¶ 7. Darlington responds that the proposed instruction will not mislead the jury or inform it of the effect of its verdict because the jury must still answer damages and negligence questions and will be instructed to be fair and reasonable and to disregard negligence percentages in determining damages. *See* Wis JI—Civil 1700.

■

¶ 8. While both parties speculate as to the effect of the proposed jury instruction on the jury, our review of the facts reveals no basis for a jury instruction as to the amount demanded in Olson's complaint. It is undisputed that Olson is limited to a recovery of less than $75,000. This remains true whether or not the jury is informed of that limit. Because a jury instruction that Olson's recovery is ultimately limited to less than $75,000 would serve no purpose, we conclude that the facts of this case do not warrant that instruction.

¶ 9. Next, Darlington argues that Olson's complaint is a judicial admission that she has suffered less than $75,000 worth of damages, rather than a limit on the amount she can recover. It argues that the judicial admission issue was not before us on the previous appeal and therefore was not addressed in the majority or concurring opinions.

¶ 10. Olson replies that she never stated she suffered less than $75,000 in damages, only that she has limited her recovery to less than $75,000. Therefore, she asserts, there has been no "judicial admission" as to the amount of her damages.

131

¶ 11. A judicial admission is "[a]n express waiver made in court or preparatory to trial by the party or his [or her] attorney conceding for the purposes of the trial the truth of some alleged fact," and "has the effect of a confessory pleading, in that the fact is thereafter to be taken for granted; so that the one party need offer no evidence to prove it and the other is not allowed to disprove it."[3] *Fletcher*, 156 Wis. 2d at 175 (citation omitted). "[J]udicial admissions must be clear, deliberate, and unequivocal." *Id.* at 174.

¶ 12. We review a trial court's decision to treat a statement as a judicial admission for an erroneous exercise of discretion. *Id.* at 177. Here, the record does not reveal that the trial court determined that Olson's complaint constituted a judicial admission as to the extent of her damages. The court's order states: "Plaintiff's damages are capped at $75,000 and in no event shall Plaintiff recover damages totaling greater than $75,000 . . . . The jury shall be instructed that the total damages sustained by Linda Olson as a consequence of the subject accident do not exceed $75,000." In its oral ruling at the pre-trial conference, the court stated: "I'm going to conclude that it is of a service to the jury if they know what the cards show, and therefore, it is the law of the case and it shall be disclosed."

---

[3] Darlington argues that a jury instruction that Olson has suffered less than $75,000 in damages is required because judicial admissions are binding, and Olson may therefore not advance an argument contrary to her admission that her damages are less than $75,000. Olson agrees that judicial admissions are binding, and argues only that her demand for damages is not a judicial admission as to the amount of damages she actually suffered.

We will assume that the trial court determined that Olson's demand for damages constituted a judicial admission that she actually suffered that amount of damages, and we will seek to uphold that determination. *See id.* at 177 & n.9.

¶ 13. Darlington argues that a demand for an amount of damages less than the threshold for federal jurisdiction is an admission that the plaintiff's damages are actually limited to that amount, citing *Jones v. Allstate Insurance Co.*, 258 F. Supp. 2d 424 (D.S.C. 2003), and *Arnold v. State Farm Fire and Casualty Co.*, 277 F.3d 772 (5th Cir. 2001). We do not find either case persuasive on the facts before us, and both are from federal courts to which we owe no deference. *See Hills Bros. Coffee, Inc. v. Dairyland Transp., Inc.*, 157 Wis. 2d 645, 650 n.1, 460 N.W.2d 433 (Ct. App. 1990).

¶ 14. In *Arnold*, 277 F.3d at 775, the fifth circuit court of appeals held that it had no jurisdiction to review a federal trial court order remanding to state court for lack of federal subject matter jurisdiction. In its discussion, the court said that the trial court "probably erred in attributing extremely small amounts of . . . damages to the [plaintiffs'] claims . . ., and [it] appears to have erred in adding up their claims and finding that they did not satisfy the $75,000 federal threshold." *Id.* It then stated in a footnote:

> The district court fortified [its] ruling with reliance on post-removal affidavits by [the plaintiffs] that limit their joint claims to less than $75,000. We agree with the judge's view that the affidavits preclude [the plaintiffs] from seeking damages in excess of that amount in state courts either as a judicial admission, judicial estoppel or a matter of preclusion.

*Id.* at 775 n.3. The *Arnold* court recognized what the parties agree is true here: that the plaintiffs cannot

recover more than $75,000 in state court. Additionally, the court stated that the plaintiffs would be bound by their affidavits, possibly based on the judicial admission doctrine. The problem, though, is that we do not know what those affidavits said, and thus have no way of comparing them to the language in the complaint in this case. We therefore do not find *Arnold* persuasive here.

¶ 15. In *Jones*, the court granted the plaintiffs' motion to remand to state court based on lack of federal subject matter jurisdiction. The plaintiffs' complaint stated:

> The total amount in controversy as to each Plaintiff[] and each individual member of the Class does not exceed seventy-four thousand dollars ($74,000) each, exclusive of interests and costs. Plaintiffs therefore disclaim any damages, injunctive relief and/or restitution greater than seventy-four thousand [dollars] ($74,000) per Plaintiff[] or individual Class Member.

*Jones*, 258 F. Supp. 2d at 426–27. The court said:

> As a general rule, the sum claimed by a plaintiff in his complaint determines the jurisdictional amount, and a plaintiff may plead less than the jurisdictional amount to avoid federal jurisdiction. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294, 58 S.Ct. 586, 82 L.Ed. 845 (1938) ("If [the plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove."); *Spann v. Style Crest Prods., Inc.*, 171 F.Supp.2d 605, 608–09 (D.S.C.2001); Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, 14A *Federal Practice and Procedure* § 3702 . . . ("Under well-settled principles, the plaintiff is the master of his or her claim; if plaintiff chooses to ask for less than the jurisdictional

amount, only the sum actually demanded is in controversy."). Plaintiffs' disclaimer therefore effectively limits their claim for damages to less than the jurisdictional amount.

*Id.* at 427 (footnote omitted). Thus, in *Jones*, as in *Arnold*, the court's focus was preventing the plaintiffs from seeking to recover more than the amount demanded in their complaint upon remand. Neither court discussed whether a demand for an amount of damages beneath the threshold for federal diversity jurisdiction was a judicial admission that the plaintiffs actually suffered less than that amount in damages, or whether the jury should be instructed that the amount demanded in the complaint was the amount of damages the plaintiffs actually suffered.

¶ 16. We focus on the actual language in Olson's complaint. The complaint clearly states Olson is *seeking* less than $75,000 in damages, not that she has, in fact, *suffered* less than $75,000 in damages. Olson's complaint reads:

> That as a ... result of the incident and injury, Plaintiff, Linda L. Olson, has sustained substantial past and future pain, past and future suffering, past and future disability, past and future loss of income, and past and future loss of earning capacity and disfigurement, and has incurred substantial expenses for medical expenses.
>
> **THAT THE AMOUNT OF DAMAGES SOUGHT AND IN CONTROVERSY IS LESS THAN THE AMOUNT REQUIRED FOR REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WISCONSIN UNDER DIVERSITY OF CITIZENSHIP PURSUANT TO 28 USC 1332(A).**

135

WHEREFORE, the Plaintiff, Linda L. Olson, demands judgment against Defendants Darlington Mutual Insurance Company, Catherine J. Weber, Dennis Weber, Robbins & Myers, Inc., and ABC Insurance Company as follows:

a. Awarding compensatory damages according to law but in no event equal to or greater than the sum required for removal to federal court pursuant to 28 U.S.C. 1332(a) . . . .

██

¶ 17. We cannot read the complaint's assertion that the "amount of damages sought and in controversy" is less than $75,000 as a statement that Olson has suffered less than $75,000 in damages, particularly in light of the preceding paragraph detailing Olson's extensive damages. We agree with Olson that the only assertion in her complaint is that she is seeking less than $75,000 in damages. Moreover, this conclusion was foreshadowed in the concurrence to our previous decision in this case. *See Olson*, 296 Wis. 2d 716, ¶ 13 (Deininger, J., concurring) ("Olson did *not* allege, however, that she *suffered* less than $75,000 in damages. Rather, she simply chose, for strategic reasons, to limit any recovery in this litigation to less than that figure."). As we explained under an analogous context in *Bryhan v. Pink*, 2006 WI App 111, ¶ 16, 294 Wis. 2d 347, 718 N.W.2d 112: "A plaintiff may elect to sue in small claims court to save time and expense even when actual damages exceed $5,000. The small claims award limitation is a limit on recovery, not a bar that denies the court jurisdiction over cases in which the plaintiff's actual damages exceed $5,000." Similarly, the fact that Olson decided to demand less than $75,000 to avoid removal to federal court does not mean she suffered less than that amount of damages. It only means that is the

maximum amount she may recover. Thus, assuming the trial court determined that Olson's complaint set forth a judicial admission as to the extent of her damages, we conclude that it erroneously exercised its discretion in doing so. Accordingly, we reverse.

*By the Court.*—Order reversed.