Garcia and wife, Appellants, v. Samson's, Inc., Respondent.

*May 6—June 7, 1960.*

For the appellants there was a brief by *Howard & Burns*, attorneys, and *James G. Howard* of counsel, all of Milwaukee, and oral argument by *James G. Howard*.

For the respondent there was a brief by *Arnold, Philipp & Murray*, attorneys, and *James P. O'Neill* of counsel, all of Milwaukee, and oral argument by *Mr. O'Neill*.

BROADFOOT, J. Preliminary to the signing and entry of the order appealed from, the trial court prepared a lengthy memorandum opinion in which he carefully reviewed the pleadings, the testimony, and the applicable Wisconsin decisions. It was the opinion of the trial court that the damages awarded were grossly excessive and showed that the jury was actuated by passion and prejudice that permeated the entire verdict.

The testimony showed that Mrs. Garcia was three months pregnant at the time of the alleged assault and battery. A Caesarean operation was performed on her on March 28, 1958, and a normal child was born. The testimony further established that Mrs. Garcia had been suffering from a rheumatic-heart condition since she was thirteen years of age and that on October 9, 1957, an X ray disclosed that her heart was markedly enlarged. Medical testimony was admitted over objection in an attempt to establish that her heart condition had been aggravated by the alleged assault

and battery and that the Caesarean operation was necessary because of the seriousness of her rheumatic-heart condition. The testimony had been admitted upon the statement of the attorney for the plaintiffs that the proper foundation would be furnished by subsequent testimony. When that testimony was not forthcoming the trial court ordered the medical testimony with reference to the rheumatic-heart condition and the Caesarean operation stricken from the record and the jury was instructed to disregard the same. The trial court was of the opinion that the jury, in awarding the substantial damages it did, was influenced by the evidence relating to Mrs. Garcia's rheumatic heart and Caesarean operation, and that the jury did not follow the court's instructions to disregard the testimony.

The trial court was also of the opinion that the matter of punitive damages was not properly submitted to the jury. The court stated that no recovery could be had against the defendant for the tortious act of the employees without proof that the defendant authorized or ratified the alleged tortious act. The court cited *Bass v. Chicago & N. W. R. Co.* 42 Wis. 654, *Robinson v. Superior Rapid Transit R. Co.* 94 Wis. 345, 349, 68 N. W. 961, *Cobb v. Simon,* 119 Wis. 597, 606, 97 N. W. 276, and *Topolewski v. Plankinton Packing Co.* 143 Wis. 52, syllabus 11, 126 N. W. 554, and quoted from some of the decisions. The court held that ratification is a fact to be determined by a jury, and the jury was not asked to pass upon the question nor was it instructed with reference to ratification. The cited decisions support the trial court's position.

The plaintiffs contend that there is credible evidence in the record to support a finding that the defendant ratified the acts of its employees, and the failure to request or submit a question thereon to the jury is not fatal to the award of punitory damages. Plaintiffs state that under the circumstances the defendant waived the right to a specific finding

on the question of ratification and the trial court is bound to provide the verdict with a finding of ratification under the provisions of sec. 270.28, Stats. That statute provides that when a controverted matter of fact, not brought to the attention of the trial court but essential to sustaining a judgment, is omitted from the verdict the question of fact shall be deemed determined by the trial court in conformity with the judgment and the failure to request a finding by the jury on the matter shall be deemed a waiver of jury trial thereon. This statute is not applicable. Had the trial court entered a judgment on the verdict, then the statute could be invoked. However, the trial court did not enter a judgment, declined to rule on the question of fact, and stated that he could not decide the issue as a matter of law.

The plaintiffs further contend that there is credible evidence in the record to support the finding of the jury and that the verdict is not perverse. They state that the damages awarded were modest in amount and entirely justified by the evidence.

After the deputies and the defendant's employees left the plaintiffs' apartment, Mrs. Garcia had a neighbor call her husband. When he came home he first called a lawyer. The lawyer in turn called a doctor and Mrs. Garcia was taken to a hospital where she was examined. The only objective findings by the doctor were some scratches on her forearms, and they disappeared in a matter of days. The doctor found no marks on her head, neck, shoulders, chest or breast, back, abdomen, legs or feet. The trial court stated that the evidence showed only minor injuries suffered by Mrs. Garcia and that the jury was influenced by the testimony as to her heart condition and the Caesarean operation. The plaintiff Jose Garcia did have expenses for a housekeeper, but again the record does not sustain a finding that this was due to injuries received at the hands of the defendant's em-

ployees rather than it was the result of her heart condition and operation.

The plaintiffs further contend that the trial court abused its discretion in ordering a new trial on all issues. In its memorandum decision the trial court stated that in the interest of justice, for the reasons given therein, it should and did set aside the verdict and award a new trial on all issues.

"It is well settled in this state that a new trial granted in the interests of justice is a highly discretionary order, and that, while it is not beyond the power of this court to review it, nevertheless in order to reverse, it must clearly appear that there was an abuse of discretion." *Bolssen v. Heenan,* 3 Wis. (2d) 110, 116, 88 N. W. (2d) 32. Also see other cases therein cited.

Sec. 270.49, Stats., states the grounds for a new trial. One of these is because of errors in the trial. The trial court specifically called attention to the error with respect to punitory damages and the failure to submit a question of ratification of the alleged acts of defendant's employees by the defendant, and excessive damages awarded, both of which are statutory grounds for the granting of a new trial. If the order was granted in the interest of justice, the memorandum decision supplies ample reasons therefor. If not, there were two statutory grounds to support it.

From the record we find there was no abuse of discretion on the part of the trial court, but on the contrary the circumstances required the entry of the order.

*By the Court.*—Order affirmed.