COURT OF APPEALS
DECISION
DATED AND FILED

October 24, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP977**

Cir. Ct. No. **2019CV48**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

KEITH M. KUZELKA TRUST, DATED SEPTEMBER 18, 1996,

PLAINTIFF-APPELLANT,

V.

DORA E. KUZELKA,

DEFENDANT-RESPONDENT.

APPEAL from judgments of the circuit court for Rusk County: STEVEN P. ANDERSON, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. The Keith M. Kuzelka Trust (the Keith Trust) appeals a judgment that: (1) voided a 2009 deed purporting to transfer real

property to Keith Kuzelka and his brother; and (2) reverted ownership of the property to two other trusts that had acquired the property in 1995 by warranty deed. The Keith Trust also appeals a money judgment entered in favor of Dora Kuzelka.[1] The Keith Trust argues that: (1) Dora[2] made judicial admissions that demonstrate the 2009 deed's validity; (2) Dora failed to join the two other trusts on the 1995 deed; and (3) the circuit court erred when it determined that Dora did not ratify the 2009 deed. For the reasons that follow, we affirm the judgments.

## BACKGROUND

¶2 The underlying facts of this appeal are undisputed. Dora and her husband, John Kuzelka, both created trusts with each of them serving as the trustee of their own trust. In 1995, real property located in Rusk County was conveyed by warranty deed to John's trust and Dora's trust as joint tenants. Dora became the trustee of John's trust after John died in 2005.

¶3 In 2009, a trustee's deed was recorded, purportedly conveying the property from the two trusts to Keith and Kenneth Kuzelka (two of Dora and John's children) as joint tenants. The deed appeared to have two notarized signatures from Dora in her capacity as trustee for both trusts. Subsequently, Keith transferred his interest in the property to the Keith Trust. From 2009 until 2015 or 2016, Dora occupied the property, paid for the property's utilities, and paid for the general expenses associated with the property. Conversely, Keith paid

_____

[1] The Keith Trust does not make an independent argument regarding the circuit court's money judgment.

[2] Because the individuals involved in the underlying dispute share the same surname, we reference individuals using their respective first names.

2

for the property taxes using one of the family's business entities. In 2019, Kenneth transferred his property interest to Dora, as an individual, by quit claim deed.

¶4     Weeks later, the Keith Trust filed a partition action, requesting a sale of the property. Dora, in turn, claimed that she did not sign the 2009 deed. The parties ultimately stipulated to the fact that the two notarized signatures on the 2009 deed were not Dora's signatures. The Keith Trust, nonetheless, continued to argue that the 2009 deed was valid and that partition should be ordered.

¶5     The matter proceeded to a bench trial where the circuit court was tasked with determining the lawful owner of the property. Following the trial, the court concluded that the 2009 deed was void because it was not signed by Dora and that she did not have knowledge of the 2009 deed until her daughter showed her a tax bill, which Dora stated was sometime between 2015 and 2017. In addition, the court determined that Dora did not ratify the 2009 deed through her actions. The court voided all subsequent transfers of the property arising from the 2009 deed and reverted ownership of the property to John's trust and Dora's trust. The court also awarded Dora a money judgment against the Keith Trust for statutory costs and for rental income that the Keith Trust accumulated through the property.

¶6     The Keith Trust now appeals the circuit court's judgments. Additional facts will be provided below as necessary.

**DISCUSSION**

**I. Judicial admissions**

¶7    The Keith Trust first contends that Dora made numerous "judicial admissions" regarding her ownership of the property demonstrating that Dora personally owned one-half of the property through Kenneth's 2019 transfer of his property interest.  According to the Keith Trust, if "Dora acquired her interest in the property through Kenneth, then it must follow that the [2009 deed] was valid since the only means by which Kenneth received any interest in the property to convey was by way of that instrument."

¶8    "A judicial admission is '[a]n express waiver made in court or preparatory to trial by [a] party or his [or her] attorney conceding for the purposes of the trial the truth of some alleged fact ….'" *Olson v. Darlington Mut. Ins. Co.*, 2009 WI App 122, ¶11, 321 Wis. 2d 125, 772 N.W.2d 718 (first and third alterations in original; citation omitted).  Once made, a judicial admission "has the effect of a confessory pleading, in that the fact is thereafter to be taken for granted; so that the one party need offer no evidence to prove it and the other is not allowed to disprove it."  *Id.* (citation omitted).  A party cannot judicially admit a legal conclusion.  *Fletcher v. Eagle River Mem'l Hosp.*, 156 Wis. 2d 165, 178, 456 N.W.2d 788 (1990).

¶9    Whether to treat a statement as a judicial admission is a discretionary decision left to a circuit court.  *Id.* at 177.  "We review discretionary decisions for erroneous exercises of discretion; that is, for whether courts have applied the proper legal standard to the facts in the record and, using a rational process, reached a reasonable decision."  *Olson*, 321 Wis. 2d 125, ¶5.

¶10    Prior to the bench trial, the Keith Trust filed a motion in limine arguing that Dora should be barred from admitting any evidence that she "is not a 50% owner of the [property] by virtue of a deed received from Kenneth" because Dora admitted on four occasions throughout the litigation that she owned one-half of the property. Dora argued that her "admissions" were accurate because "she is on the deed …. That's what anybody looking at the [r]egister of [d]eeds would see. They would see Dora's name on the deed." Further, Dora asserted that the statements were "irrelevant" because the validity of the 2009 deed was a question of law for the circuit court to decide.

¶11    Before the bench trial, the circuit court stated:

> I am going to need some time to mull this over because it is—okay. I will grant the motion in limine. [Dora] cannot testify that she doesn't own half of the property because she has throughout this [litigation stated so] by her answer[,] by her counterclaim and by her admissions. That is the position that she has taken is that she owns 50 percent of the property.
>
> But if—I—I assume we are going to hear evidence about [how] that's not her signature on the deed. Then I will have to sort that out when I make my findings of fact, conclusions of law. I think that is the advantage here …, I am the trier of fact I guess. So there is not a jury so there isn't danger of confusing the jury some people might say.…
>
>  ….
>
> So I mean I suppose one resolution of it depending upon the evidence is that the 2009 deed is invalid ….

In its oral ruling after the trial, the court stated, "There is the argument that Dora says I am [a] half owner of the property. In her answers and in her counterclaims that is somehow some sort of judicial admission on her part that she is a half owner." The court did not address the issue further.

¶12    The Keith Trust argues that the circuit court "found that Dora's statements … constituted a judicial admission," and, therefore, the court's decision "disregard[ing] the judicial admission without explanation constituted an erroneous exercise of discretion." Specifically, the Keith Trust states that the court erroneously exercised its discretion when it failed to "address … how [Dora's] sworn statement of personal ownership affected her claim of invalidity of the [2009 deed]."[3]

¶13    We conclude that the circuit court did not erroneously exercise its discretion in addressing the judicial admission issue. The court did not determine that Dora judicially admitted that the 2009 deed was valid under WIS. STAT. ch. 706. Rather, the court found that such a judicial admission was only true in the event that the 2009 deed was valid. And moreover, the court correctly determined that any such admission could not go to the question of the 2009 deed's validity.[4] Judicial admissions are reserved for questions of fact, not for questions of law. *See Fletcher*, 156 Wis. 2d at 178; WIS. STAT. § 706.02(1)(d); *U.S. Bank Nat'l*

---

[3] We pause to note that, although the Keith Trust frames this issue as whether the circuit court erroneously exercised its discretion, the Keith Trust's arguments are actually a challenge to the court's ultimate decision that the 2009 deed was invalid despite the court's judicial admission decision. In fact, the court granted the Keith Trust's motion in limine stating that Dora's statements were judicial admissions. A challenge to the court's findings and conclusions regarding the validity of the 2009 deed would require us to uphold the court's findings of fact unless they are clearly erroneous and then review de novo whether those facts met the standard of a valid deed. *See* WIS. STAT. § 805.17(2) (2021-22). However, because the Keith Trust frames the issue as one of judicial admission, we will confine our analysis as such.

All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[4] Nor was Dora attempting to make such an assertion. As she argues on appeal, "there [was] nothing improper in Dora challenging the validity of the 2009 [d]eed and all subsequent deeds, while at the same time refusing to renounce her legal rights if the [circuit] court ultimately rejected her claim."

*Ass'n v. Stehno*, 2017 WI App 57, ¶6, 378 Wis. 2d 179, 902 N.W.2d 270 (stating that questions of statutory application are matters of law).

¶14 Instead, the circuit court's motion in limine ruling simply held that Dora "cannot testify that she doesn't own half of the property," which she obtained from Kenneth in 2019. The court made it clear that, regardless of Dora's judicial admissions, the evidence at the bench trial could show that the 2009 deed was invalid.

¶15 If relevant at all, Dora's judicial admissions went to the issue of ratification, which is an issue of fact. *See* WIS JI—CIVIL 4015 (1994); *Garcia v. Samson's, Inc.*, 10 Wis. 2d 515, 518, 103 N.W.2d 565 (1960). The Keith Trust did not address the judicial admissions issue in the context of ratification. Even so, the circuit court accepted Dora's statements as true (i.e., that she personally owned one-half of the property after Kenneth transferred his interest in 2019) and nevertheless found that she did not ratify the 2009 deed through her actions. As such, the court did not erroneously exercise its discretion by finding that Dora's statements were judicial admissions, but they did not affect the legal question regarding the validity of the 2009 deed under WIS. STAT. § 706.02(1)(d).

## II. Joinder

¶16 Next, the Keith Trust contends that in filing her counterclaim for a declaration of interest Dora failed to comply with WIS. STAT. § 841.03. Specifically, the Keith Trust argues that Dora, as the trustee of her trust and as the trustee and beneficiary of John's trust, waived any claim of ownership on behalf of the trusts because she "expressly declined to intervene on behalf of the trusts or

name the trusts" as parties.[5] Dora argues that she was named a defendant, not a plaintiff, and, therefore, § 841.03 did not impose a duty upon her to name her or John's trusts in the partition action.

¶17    Under WIS. STAT. § 841.01(1), "[a]ny person claiming an interest in real property may maintain an action against any person claiming a conflicting interest, and may demand a declaration of interests." *Id.* "Persons claiming interests adverse to the plaintiff which interests the plaintiff wants affected by the judgment shall be named as defendants; other persons with interests in the described property may be named as defendants." WIS. STAT. § 841.03.

¶18    In this case, Dora filed an amended counterclaim and sought a declaration of interest pursuant to WIS. STAT. § 841.01(1). Thus, while Dora was initially named as a defendant in this lawsuit, she was also a counterclaim plaintiff. We will assume without deciding that WIS. STAT. § 841.03 could have applied to Dora in circumstances not present here, with those being an adverse interest between Dora and her trust and John's trust. Section 841.03 requires a plaintiff to name another party as a defendant only when that party has "interests adverse to the plaintiff." *See* § 841.03. Nevertheless, John's trust and Dora's trust did not have interests adverse to Dora. Put differently, Dora was essentially in the same position as her trust and John's trust.

¶19    Dora asserted in her counterclaim that she never signed the 2009 deed and that the property was never lawfully transferred to Keith. She argued

[5] The Keith Trust does not cite to the record for its assertion that Dora was the beneficiary of John's trust. We will, however, assume that fact to be true for the purpose of this analysis.

that the "actual owners" of the property were reflected in the 1995 warranty deed that conveyed the property to her trust and John's trust. Dora did not argue in her counterclaim that the property should revert to her as the sole, personal owner. The Keith Trust does not adequately explain how an adverse interest existed between Dora and either her trust or John's trust, other than to incorrectly argue that Dora was claiming that she was the sole, personal owner of the property. We therefore conclude that Dora did not violate WIS. STAT. § 841.03 by failing to name her own trust and John's trust as defendants to her counterclaim.

## III. Ratification

¶20    Lastly, the Keith Trust argues that the circuit court erred when it found that Dora did not ratify the 2009 deed. According to the Keith Trust, "Dora's actions surrounding the circumstances of the preparation and recording of the 2009 [d]eed constituted the manifestation of intent to be bound by the" 2009 deed.

¶21    As noted previously, whether a party ratified the conduct of another is a question of fact. *See* WIS JI—CIVIL 4015 (1994); *Garcia*, 10 Wis. 2d at 518. A circuit court's findings of fact "shall not be set aside unless clearly erroneous …." WIS. STAT. § 805.17(2). "Under the clearly erroneous standard, 'even though the evidence would permit a contrary finding, findings of fact will be affirmed on appeal as long as the evidence would permit a reasonable person to make the same finding.'" *Royster-Clark, Inc. v. Olsen's Mill, Inc.*, 2006 WI 46, ¶12, 290 Wis. 2d 264, 714 N.W.2d 530 (citation omitted). Furthermore, "due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Sec. 805.17(2). Whether a party meets its burden of showing

9

ratification is a question of law we review independently. *See **Wolfe v. Wolfe***, 2000 WI App 93, ¶14, 234 Wis. 2d 449, 610 N.W.2d 222.

¶22    "[R]atification is a definitive manifestation of intent to become a party to the transaction done or purported to be on his [or her] account." ***M&I Bank v. First Am. Nat'l Bank***, 75 Wis. 2d 168, 181, 248 N.W.2d 475 (1977).  A person may ratify a forged signature. ***Id.*** at 178-80.

> A person for whom another assumes or purports to act as his or her agent (a principal for whom his or her agent acted beyond his or her authority) may ratify, give effect to, and render binding upon himself or herself any act or transaction not previously authorized, by affirming the conduct of his or her (purported) agent.
>
> A principal affirms the unauthorized acts of his or her agent if he or she indicates by his or her words or acts that he or she accepts and treats the conduct of his or her agent as authorized.
>
> The ratification of an unauthorized act or transaction of a(n) (purported) agent must be based on the principal's knowledge of all of the material facts involved in the conduct of his or her (purported) agent.

WIS JI—CIVIL 4015 (1994) (formatting altered).

¶23    In its oral ruling, the circuit court made the following findings of fact:  (1) Dora continued to "periodically" occupy the property from 2009 until "it all went sideways" years later; (2) she paid expenses for the property including the utility bills as if she were the owner; (3) she "more than likely" did not know about the 2009 deed until she was shown a tax bill, which she stated occurred sometime between 2015 and 2017 (and, therefore, the 2009 deed was signed without her permission); (4) she did not know who signed the 2009 deed; (5) after learning of the 2009 deed, she made "[v]arious attempts" to place the property

back in the ownership of her trust and John's trust; and (6) Kenneth did not know about the 2009 deed until sometime between 2015 and 2017.

¶24 Based on those findings, the circuit court stated: "So there is nothing in the record [from] which I can make a conclusion that there wasn't anything but some fraud or some misbehavior that went on to have th[e 2009 deed] executed." The court also found that "somebody fraudulently affixed Dora's … signatures" on the 2009 deed and that "absent any other explanation[,] that's what I think I have to find." The court clarified, however, that it did not know who signed Dora's name on the 2009 deed. Ultimately, the court found that Dora was "taking actions which do not reflect … this transfer of property."

¶25 The Keith Trust argues that the circuit court's finding regarding Kenneth's knowledge of the 2009 deed is clearly erroneous because the court "ignored [a] June 2017 deed prepared" for Kenneth that would have transferred his interest in the property to his trust. According to the Keith Trust, the 2017 deed, which was never actually filed with the register of deeds, means that "Kenneth understood [in 2017] that he was deeded the property when he contacted" an attorney to draft the 2017 deed. This testimony does not conflict with (and, in fact, supports) the court's finding that Kenneth did not know about the 2009 deed until sometime between 2015 and 2017. In addition, Kenneth testified that he did not know about the 2009 deed until "2014 or so." Thus, the court's finding that Kenneth did not have knowledge of the 2009 deed until several years after the deed was signed is not clearly erroneous.

¶26 The Keith Trust also argues that the circuit court's "finding that a civil conspiracy or fraud" occurred was clearly erroneous. We disagree. While these were not claims before the court, the court stated that *something* happened in

11

2009 that involved what appeared to be a conspiracy or fraud. This led the court to find that Dora's signatures had been forged. This finding in turn, supports the court's other reasonable finding that Dora did not know about the 2009 deed until years after it was signed.

¶27 The Keith Trust does not take issue with any of the circuit court's other findings in favor of Dora. Instead, it cites other evidence in the record that it argues demonstrates that Dora ratified the 2009 deed, including testimony from the attorney that drafted the 2009 deed and testimony from an insurance agent who stated that she spoke with Dora.[6]

¶28 The Keith Trust ignores our standard of review. On appeal, a reviewing court will not reweigh the evidence as if it were a circuit court. *Dickman v. Vollmer*, 2007 WI App 141, ¶14, 303 Wis. 2d 241, 736 N.W.2d 202. "Because it is for the trial court to resolve conflicts in the testimony, … we will not second-guess the trial court's reasonable factual inferences." *Id.* With the exception of the circuit court's factual finding regarding Kenneth's knowledge of the 2009 deed as noted above, the Keith Trust does not challenge any of the findings the court made in favor of Dora. Namely, the Keith Trust does not challenge the court's findings that Dora did not authorize the signing of the 2009

---

[6] In its reply brief, the Keith Trust argues for the first time that two of the circuit court's findings not previously addressed are clearly erroneous. Specifically, the Keith Trust challenges the court's findings that Dora was dealing with the property as if she owned it and that she did not know about the 2009 deed until years after it was signed. Because these issues were not raised prior to the Keith Trust's reply brief, we will not consider them further. *See A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 492, 588 N.W.2d 285 (Ct. App. 1998). Even if we were to address these arguments, we would not conclude that the court's findings were clearly erroneous. The Keith Trust simply points to evidence that it claims supported a ruling in its favor, while ignoring the evidence that the court relied on in reaching its findings. *See Dickman v. Vollmer*, 2007 WI App 141, ¶14, 303 Wis. 2d 241, 736 N.W.2d 202.

deed on her behalf or have knowledge of the 2009 deed and that, once she did have such knowledge, she took action to recover the property. *See* WIS JI—CIVIL 4015 (1994). These facts, alone, were sufficient for the court to conclude that Dora did not ratify the 2009 deed. Therefore, the court's findings regarding ratification are not clearly erroneous, and those findings support the court's decision that Dora did not ratify the 2009 deed.

*By the Court.*—Judgments affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.